Eebeman, J.,
delivered the opinion of the Court.
This bill was filed October, 1871, to have a decree divesting the Bank of Tennessee of title of a tract of *148 land purchased by complainant, and have the same vested in said complainant, the purchase money having been paid, but no title made.
Incidental to this relief, it is alleged that there had been a loss of part of the land, by the allowance of dower, which had been assigned to Lydia Ann Torbett,. and it is asked by the prayer of the bill, that an account be had of the value of this incumbrance and a decree for such value, and a sale of certain real estate qf the bank is asked to satisfy the decree. Process was served, or acknowledged, and we assume on the proper party, as no point is made o.n this question before us.
At November Term, 1871, an order pro eonfesso was regularly taken, for want of an answer, or appearance by the defendant; and thereupon a decree was rendered by the court, settling the right of complainant to a recovery, as prayed for in his bill; but it not appearing to the court what was the value of the dower estate, it was ordered that the clerk and master inquire and report on that question at next term. Afterwards, January 25th, 1871, at a special term of the court, the master made his report, valuing the dower at $842.50 — said report having been made after due notice given to Watson, the president of the bank. This report being unexcepted to, was confirmed, and a decree entered for the amount, and an order for the sale of the. land attached. But at the same term, it was ordered as follows: “On motion of the defendant, it is ordered by the court, as upon affidavit of C. J. McKinney, that the decree entered on a *149 former day of this term, (that is, the above decree ■ordering the sale), be suspended until the next May term, 1872, the court reserving the power to vacate the decree and allow Judge Watson, assignee of the bank, to make defense, should he show sufficient grounds by affidavit, showing that justice requires that he be allowed to defend.”
At May term, J. A. McKinney, solicitor for Watson and for the Bank, appeared and stated as on affidavit, that there was a bill filed in the Chancery Court at Nashville, for the purpose of settling and adjusting all claims against the Bank of Tennessee, and that said court had enjoined all creditors of the bank from -filing bills or suing out process against said bank in any other court, as is shown by a certified transcript of the record, herewith filed as exhibit A, and made by the court a part of the record. And thereupon he moved the court to suspend all .further action in this case in this court, until the injunction at Nashville shall be' dissolved or modified, which motion was ordered to lie over for further consideration. At a subsequent day of the term, this motion was overruled, and the decree made at the last term ordered to be executed, from which- decree defendant appealed.
The question presented on these facts, is not whether fhe decree rendered by the Chancellor in favor of complainant, on the matters contained in his bill, is correct and the proper decree in the case, but whether lie erred in proceeding with the cause, and in overruling the motion of defendant to suspend his final decree ordering a sale of the land, until the dissolu *150 tion or modification of the injunction in the case at Nashville. It will be seen that this decree of January, 1872, was regularly entered, was a final decree, as containing the amount that was due, or to be allowed as value of the incumbrance by the dower, and, as to the sale of the land attached was but in the nature of an execution awarded, to satisfy the amount found due by the clerk and master, the liability having been ascertained by the previous decree of November, 1871.
This decree, however, was ordered to be suspended, “ the court reserving the power to vacate the decree,, and allow Judge Watson, as assignee of the bank, to-make defense, should he show sufficient grounds, showing that 'justice requires that he be allowed to defend.”' This reservation was until May term, 1872.
We think it clear, that the court could render this, order, or did only reserve the right to vacate its decree, provided Watson should show, that justice required that he should be allowed to defend.
In the aspect of the case, as it stood at this time,, the question is, whether the pendency of the suit at Nashville, showed that justice required that Watson, as. assignee, should have been allowed to defend it. We do not think that such was the case. Watson had been regularly served with process, had failed to appear and interpose any objection to the proceedings, as he might have done, if the effect of this proceeding was such as is now insisted on. He chose to waive this, and allow this case to go on to final decree; and then, without any explanation or excuse for *151 his failure to interpose the defense at an earlier day, asks that the court suspend its final decree, until the injunction be dissolved or modified. We doubt whether the court had the power, under these circumstances, to suspend its decree, even if the terms of the order did not preclude it. That is simply as asked by the defendant. But by the terms of the reservation it is clear, that the court, could only vacate this final decree, upon a defense being presented to the case as it stood, as it had no power to vacate the decree made at a former term. That had passed beyond its control. In a word, no defense 'to the merits is presented, but only a suspension of action by the court. As no defense was then presented available against the case at the stage in which. it stood, nor facts showing that justice required such defense to be made by Watson, the court could not under this reservation properly vacate its decree already entered.
It is not necessary, in this view of the case, to consider the question presented, as to whether. complainant had notice of the injunction, as we think the defendant had, by his own laohes, waived that defense, and let the case pass beyond the point at which he could properly interpose the defense presented. The decree of the Chancellor will be affirmed.